UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

                FERREL L. AGARD,

                    Debtor.

Chapter 7
Case No. 10-77338-REG

## MEMORANDUM OF LAW IN SUPPORT OF MOTION SEEKING TO TERMINATE THE AUTOMATIC STAY

### PRELIMINARY STATEMENT

This Memorandum of Law is submitted in further support of Select Portfolio Servicing, Inc. as Servicer for U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2006-FF12 Mortgage Pass Through Certificates, Series 2006-FF12's ("Select Portfolio Servicing") Motion for Relief seeking to vacate the automatic stay with regard to premises commonly known as 866 Leonard Drive, Westbury, New York 11590 (the "Mortgaged Premises"). The Court has raised the issue of whether Mortgage Electronic Registration System, Inc. ("MERS") has the authority to execute an Assignment of Mortgage. As a preliminary matter, the Court lacks jurisdiction to address this issue. However, even if the Court had jurisdiction, New York law supports the right of MERS to execute an assignment of mortgage, and the stay should therefore be lifted.

### FACTUAL BACKGROUND

On June 9, 2006, Ferrel L. Agard (the "Debtor") executed a Note and Mortgage in the amount of $416,000.00 secured by the Mortgaged Premises. The Note was executed by the Debtor to First Franklin, A Division of National City Bank of IN.

Debtor executed the Mortgage to MERS as nominee for First Franklin, A Division of National City Bank of IN, and its successors and assigns. The Borrower granted the mortgage to MERS and upon the recording of same, MERS was the mortgagee of record. On February 1, 2008, MERS, as nominee for First Franklin and its successors and assigns, executed an Assignment of Mortgage ("Assignment of Mortgage") from MERS as nominee for First Franklin, a division of National City Bank of IN to U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2006-FF12, Mortgage Pass-through Certificates, Series 2006-FF12.

The Debtor defaulted under the terms of the Note and Mortgage, and a foreclosure action was commenced by filing a Summons and Complaint with the Office of the County Clerk for the County of Nassau on March 24, 2008. The Plaintiff in the foreclosure action is U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2006-FF12, Mortgage Pass-Through Certificates, Series 2006-FF12 ("U.S. Bank Trustee"). At the time the foreclosure was commenced the Debtor was contractually due for the December 1, 2007 monthly mortgage payment. The Debtor failed to Answer or otherwise appear in the action. As a result, a Judgment of Foreclosure and Sale was entered in favor of U.S. Bank Trustee on November 24, 2008, and filed with the Office of the County Clerk on December 5, 2008. A copy of the Judgment of Foreclosure and Sale is attached as Exhibit A.

Nearly two years after the entry of the Judgment of Foreclosure, on September 20, 2010, Debtor filed for Chapter 7 bankruptcy. (Doc. 1). In his schedules, Debtor acknowledges the Mortgaged Property was scheduled for a foreclosure sale on September 21, 2010. (Doc. 1 at Schedule A). Debtor further states: "Debtor was on original deed and is liable on mortgage . . . " and acknowledges a default of "over $70,000.00." (*Id.*). On October 14, 2010, Select Portfolio Servicing filed a Notice of Motion for Termination of Automatic Stay ("Motion for Termination").

(Doc. 10).  On October 15, 2010, the Chapter 7 trustee entered a report of no distribution, suggesting the Debtor had no assets.[1]  The Debtor responded on October 27, 2010, with an affidavit from Debtor's counsel. (Doc. 13).  The Affirmation of Partial Opposition questions the relationship between MERS and the original lender, First Franklin, despite the fact the Mortgage describes MERS' role and the Assignment of Mortgage was attached to the Motion for Termination.[2] Without evidence or further elaboration, the Affirmation of Partial Opposition states: . . . it is questionable on its face that 'Mers' (sic) has standing to properly assign the within (sic) mortgage." The affidavit does not challenge the Judgment of Foreclosure and Sale or U.S. Bank Trustee's status as holder of the Note.  In response to the Motion for Termination, on November 15, 2010, this Court raised the issue of whether MERS had standing to execute the Assignment of Mortgage and asked the parties to brief the issue.

ARGUMENT

POINT I

THE COURT'S INQUIRY IS BARRED BY THE<br>JUDGMENT OF FORECLOSURE.

The Judgment of Foreclosure and Sale is final.  Debtor's "Affirmation of Partial Opposition" does not suggest the Judgment of Foreclosure and Sale was set aside, appealed, or otherwise challenged.  Debtor's Schedule A acknowledges a foreclosure sale was set for the day after the petition was filed.  (Doc. 1).  While the Court directed briefing solely on the issue of the validity of MERS' Assignment of Mortgage, the Judgment of Foreclosure and Sale bars this inquiry as a matter of jurisdiction both through the *Rooker-Feldman* doctrine and as a matter of

---

[1] The report of no distribution reinforces Select Portfolio Servicing's allegations in the Motion for Termination regarding a lack of adequate protection.

[2] The evidentiary value of this "affidavit" is questionable.  Debtor's counsel provides no statement of the basis for his averments and merely speculates regarding standing issues.

3

*res judicata*.[3]    Additionally, the Debtor is judicially estopped from challenging the Motion for

Termination.

### A. The *Rooker-Feldman* Doctrine bars the Court's inquiry.

Under the *Rooker-Feldman* doctrine:

> A Federal district court (and the Bankruptcy Court that is an arm of said Court) is without subject matter jurisdiction to review final judgments of state courts. Thus, no federal district or bankruptcy court has jurisdiction over any claim that is 'inextricably intertwined' with a state court judgment.

*In re Cody*, 281 B.R. 182, 189 (S.D.N.Y 2002) (citing *District of Columbia Court of Appeals v.*

*Feldman*, 460 U.S. 462, 483 n. 16 (1983)); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44

S.Ct. 149 (1923); *Moccio v. New York State Office of Court Administration*, 95 F.3d 195 (2d Cir.

1996).    The *Rooker-Feldman* doctrine disallows "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments."

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22

(2005).    In effect, the doctrine eliminates federal subject matter jurisdiction over suits that are

essentially appeals from state court decisions. *Book v. Mortgage Elec. Registration Sys.*, 608 F.

Supp. 2d 277, 288 (D. Conn. 2009) (citing *Hoblock v. Albany Bd. of Elections*, 422 F.3d 77, 84

(2d. Cir. 2005)).

Specifically, the *Rooker-Feldman* doctrine precludes federal court review of challenges

to state court foreclosure judgments. *Gray v. Americredit Fin. Serv.*, No. 07 Civ 4039, 2009 WL

---

[3] Indeed, the Court's present inquiry raises a number of additional concerns, which the Court has not requested the parties to brief. These concerns include, without limitation, whether there is a case and controversy as required by Article III of the Constitution, whether the Court can entertain what appears to be a challenge to the extent and validity of a lien without an adversary proceeding, and whether the procedure employed by the Court satisfies constitutional due process requirements.

1787710, at *4 (S.D.N.Y. 2009); *Mareno v. Dime Sav. Bank of N.Y.*, 421 F. Supp. 2d 722, 726-27 (S.D.N.Y. 2006).    The *Rooker-Feldman* doctrine will likewise bar a bankruptcy court's review of a state court foreclosure judgment even if it is claimed the judgment was acquired through fraud.    *In re Castaldo*, No. 05-36349, 2006 Bankr. LEXIS 4522, at *16 (Bankr. S.D.N.Y. Dec. 7, 2006); *see also Estate of Keys v. Union Planters Bank, N.A.*, 578 F. Supp. 2d 629, 637 (S.D.N.Y. 2008) (applying the *Rooker-Feldman* doctrine to plaintiff's federal court challenge of a transfer made pursuant to a state court foreclosure judgment, even though plaintiff argued the judgment was acquired through fraud).

As evidenced by the Judgment of Foreclosure and Sale, the Supreme Court entered a judgment in favor of U.S. Bank Trustee.    At no time, either prior to or after its entry, has the Debtor or co-debtor come forward to appear in the foreclosure action or challenge U.S. Bank Trustee's standing to foreclose or MERS' authority to execute the assignment to U.S. Bank Trustee.    Thus, this Judgment is binding as to the Debtor, and the mortgagee and current holder of the Note.    Accordingly, this Court is without jurisdiction to entertain a challenge to U.S. Bank Trustee's right to foreclose as any review of this issue by the Court would be an improper appellate review of a two-year-old state court judgment.    *See Dockery v. Cullen & Dykman*, *supra*; *In re Farrell*, 27 B.R. 241, 243 (E.D.N.Y. 1982) (stating that "the bankruptcy court...is to give full faith and credit to a prior final state court judgment"); *Simpson v. Putnam Co. Nat'l Bank of Carmel*, 20 F.Supp.2d 630, 633 (S.D.N.Y. 1998) (district courts are not authorized to exercise what in effect amounts to appellate review of state court judgments).

Accordingly, this Court lacks jurisdiction to entertain a challenge the Judgment of Foreclosure and Sale.

**B. *Res judicata* precludes relitigation of the claims.**

*Res judicata* precludes the same parties or their privies from re-litigating issues that were or could have been raised in a prior action. *See Federated Dep't Stores, Inc. v. Mottie*, 452 U.S. 394, 398 (1981); *EDP Med. Computer Sys. v. United States*, 480 F.3d 621 (2d Cir. 2007). Further, "[r]es judicata requires that a valid final judgment on the merits by a court of competent jurisdiction be treated as an absolute bar to the assertion of claims or defenses in a subsequent action based on the same cause of action involving the same parties *whether or not* such claims or defenses were pleaded or determined in the prior proceeding." *In re Farrell*, 27 B.R. at 243.

"To determine whether the doctrine of res judicata bars a subsequent action, [the Court should] consider whether 1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same." *In re Layo*, 460 F.3d 289, 292 (2d Cir. 2006) (internal citation omitted).

Applying these factors to the present case, the Debtor cannot now try to challenge U.S. Bank Trustee's status as a secured creditor or holder of the Note and Mortgage or its standing to enforce these instruments. First, the underlying foreclosure action involved the same parties as the present Motion for Relief. Also, the Judgment of Foreclosure and Sale is a final judgment on the merits in the underlying foreclosure action. Further, there is no dispute that the New York State Supreme Court is a court of competent jurisdiction. With respect to the last element regarding whether the causes of action are the same, "the 'critical question…is whether the party could or should have asserted the claim in the earlier proceeding.'" *Layo*, 460 F.3d at 292 (internal citation omitted). The issues of standing and validity of the assignment are defenses that could have been asserted in the underlying foreclosure action. Thus, this element has been satisfied.

The Debtor had a full opportunity to litigate the issue of standing and validity of the assignment asserted by U.S. Bank Trustee in the underlying foreclosure yet failed to appear or otherwise challenge the foreclosure, which was reduced to final judgment over two years ago. As a result, the Judgment of Foreclosure and Sale is binding, and this judgment cannot be overturned or reviewed by this Court. The Debtor's challenge to U.S. Bank Trustee's standing and the validity of the assignment should be denied.

### C.    Debtor is judicially estopped from challenging U.S. Bank Trustee's rights.

The doctrine of judicial estoppel prevents parties from taking inconsistent positions in their pleadings. *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999). Because the doctrine is designed to protect the judicial system, reliance is usually not required, and courts will apply the doctrine to prevent parties from taking inconsistent positions to obtain unfair advantage. *Id.* The doctrine applies with equal force to representations made in bankruptcy petitions. *Id.* at 205-06.

In this case, Debtor's schedules state Debtor "is liable on the mortgage" and further acknowledge "debtor has not paid the mortgage for over a year with a default of over $70,000." (Doc. 1, Sch. A). Debtor further acknowledges a foreclosure sale was scheduled for September 21, 2010. (*Id.*). The Debtor is estopped from challenging liability on the mortgage.

### POINT II

### MERS AS A NOMINEE FOR THE LENDER HAS STANDING TO EXECUTE THE ASSIGNMENT OF MORTGAGE.

Even if this Court could properly consider the matter, the overwhelming weight of authority suggests that MERS may act in accordance with the plain language of the Mortgage with the same

powers and rights as the original lender. New York courts have consistently validated the right of

MERS to act as nominee[4], and the Court should find the Assignment of Mortgage to be valid.

The Mortgage executed by the Debtor designates MERS as the mortgagee of record and as

nominee for "Lender and Lender's successors and assigns." A copy of the Mortgage was attached

to Select Portfolio Servicing's Notice of Motion for Termination of Automatic Stay. Specifically,

the Mortgage states, in relevant part:

> I [the borrower] understand and agree that MERS holds only legal
> title to the rights granted by me in this Security Instrument, but, if
> necessary to comply with law or custom, MERS (as nominee for
> Lender and Lender's successors and assigns) has the right:
>
> (A) to exercise any or all of those rights, including, but not limited to,
> the right to foreclose and sell the Property; and
>
> (B) to take any action required of Lender, including, but not limited
> to, releasing and canceling this Security Instrument.

(Emphasis added).[5]

---

[4] "The word nominee ordinarily indicates one designated to act for another as his representative in a rather limited sense. It is used sometimes to signify an agent or trustee. It has no connotation, however, other than that of acting for another, or as the grantee of another . . ." *Schuh Trading Co. v. Comm'r of Internal Revenue*, 95 F.2d 404, 411 (7th Cir. 1938). The use of a nominee or agent as a representative of the lender or the mortgagee has been upheld in New York. *See e.g. Fairbanks Capital Corp. v. Nagel*, 289 A.D.2d 99 (1st Dep't 2001) (holding that the servicing agent had standing to maintain a mortgage foreclosure proceeding in its capacity as servicing agent for the trustee lender); *Amherst Factors, Inc. v. Kochenburger*, 4 N.Y.2d 203 (1958); *Mutual Life Ins. Co. v. Nichols*, 144 A.D. 95 (1st Dep't 1911); *In Re Fried Furniture Corp.*, 293 F. Supp. 92 (E.D.N.Y. 1968), *aff'd* 407 F.2d 360 (2d Cir. 1969). New York courts have also recognized the rights of trustees and agents to act on behalf of lenders in a variety of situations. *See, e.g., In Re Lehrenkrauss*, 6 F. Supp. 687 (E.D.N.Y. 1934) (noting that certificates of participating interests in a mortgage made the nominal mortgagee, the trustee and nominee for the certificate holders with the lawful authority to collect interest and principal, distribute such monies and, among other powers, to take such action as may be necessary to enforce the note and mortgage).

[5] The Debtor has not denied he signed the Mortgage or is otherwise bound by its terms. In fact, the Debtor has admitted he is "liable" under the Mortgage. (Doc. 1, Sch. A). However, it is well settled in New York that where a mortgage is signed by the mortgagor, delivered to and accepted by the mortgagee, or its agent, the mortgage constitutes a valid contract and security or lien. *See*

When MERS executes instruments as the nominee or agent for the lender, its successors and assigns, MERS is vested with explicit powers to act with respect to the Mortgage and the secured real estate. Pursuant to the clear and unequivocal terms of the Mortgage, Debtor expressly agreed without qualification that MERS had the right to foreclose upon the premises as well as *exercise any and all rights* as nominee for the Lender. *See e.g. MERS, Inc. v. Coakley*, 41 A.D.3d 674, 675, 838 N.Y.S.2d 622 (2d Dep't 2007) (support for MERS' standing to commence the action may be found on the fact of the mortgage instrument itself where the Debtor expressly agreed without qualification that MERS had the right to foreclose).[6]

In *MERSCORP, Inc. v. Romaine*, 861 N.E.2d 81, 828 N.Y.S.2d 266 (N.Y. 2006), the New York Court of Appeals rejected the Suffolk County Clerk's arguments that the MERS Mortgage was improper and did not constitute a conveyance because it named MERS as a nominee and that MERS could not serve as a "mortgagee." The Court of Appeals explained, "[m]ortgage lenders and other entities, known as MERS members, subscribe to the MERS system and pay annual fees for the electronic processing and tracking of ownership and transfers of mortgages. Members contractually agree to appoint MERS to act as their common agent on all mortgages they register in

---

*Munoz v. Wilson*, 111 N.Y. 295 (1888); *Wood v. Travis*, 231 A.D. 331 (3d Dep't 1931). The recording of a mortgage is presumptive evidence of delivery by the mortgagor and acceptance by the mortgagee. *See Preston v. Albee*, 120 A.D. 89 (1st Dep't 1907).

[6] This interpretation is supported by general principles of contract law in New York. The terms of the Mortgage are clear and certain and, as such, the Court's role is limited to interpretation and enforcement of contractual terms. *Strong v. Reeves*, 114 N.Y.S.2d 97 (3rd Dept. 1952); *JJFN Holdings, Inc. v. Monarch Investment Properties*, 736 N.Y.S.2d 66 (2nd Dept. 2001); *Salvano v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 623 N.Y.S.2d 790 (1995). Further, it is well-settled that the Court has no authority to make a new contract for the parties or recast the contract between them. *LaVere v. R.M. Burritt Motors, Inc.*, 446 N.Y.S.2d 851 (New York City Ct. 1981); *see also, Mitler v. Friedeberg*, 222 N.Y.S.2d 480 (N.Y. Sup. 1961); *Nemmer Furniture Co. v. Select Furniture Co.*, 208 N.Y.S.2d 51 (N.Y. Sup. 1960); *Empire Sportswear, Inc. v. Newsday, Inc.*, 178 N.Y.S.2d 833 (N.Y. Sup. 1958), *affirmed by* 185 N.Y.S.2d 78 (2nd Dept. 1959); *Royce Furs, Inc. v. Home Ins., Co.*, 291 N.Y.S.2d 529 (1st Dept. 1968); *Barrand v. Quinn*, 98 N.Y.S.2d 1013 (4th Dept. 1950), *affirmed by* 302 N.Y. 744 (1951).

the MERS system." *Id.* at 96. The initial mortgage is recorded in the County Clerk's office, and MERS is named as the mortgagee of record as a nominee for the lender and lender's successors and assigns. MERS remains the mortgagee of record while the non-recordable beneficial ownership interest or non-recordable servicing rights are transferred among MERS members. These transfers are tracked on the MERS System. *See id.* Because the mortgage interest remains with MERS holding the legal interest, there is no need for an assignment of mortgage. As long as the sale of the note involves MERS' members, MERS remains the named mortgagee of record, and continues to act as the mortgagee, as the nominee for the new beneficial owner of the note (and MERS' member). When the note owner chooses to no longer have MERS hold the mortgage lien, the mortgage is assigned from MERS just like the one at issue was executed and recorded. In the MERS electronic registration system, the transfer of the beneficial interests in the mortgage is facilitated by the members' contractual agreement to "to appoint MERS to act as their common agent on all mortgages they register in the MERS system." *Id.* The Court of Appeals found that the uniform MERS Mortgage and assignments and discharges executed by MERS constituted conveyances entitled to be recorded in County Clerks' offices in New York. *See Romaine*, 8 N.Y.3d at 97-99.

In *US Bank, N.A. v Flynn*, 897 N.Y.S.2d 855, 858 (N.Y. Sup. Ct. 2010), the court, after an extensive review of New York case law, found that:

> . . . where, as here, an entity such as MERS is identified in the mortgage indenture as the nominee of the lender and as the mortgagee of record and the mortgage indenture confers upon such nominee all of the powers of such lender, its successors and assigns, **a written assignment of the note and mortgage by MERS, in its capacity as nominee, confers good title to the assignee and is not defective for lack of an ownership interest in the note at the time of the assignment.** In such cases, MERS is acting as the nominee of the owner of the note and of the mortgage, in which MERS is additionally designated as the

mortgagee of record. No disconnect between the note and mortgage occurs when MERS acts, at the time of the assignment, as the nominee of the original lender or a successor owner or holder of the note and mortgage. Consequently, a MERS assignment does not violate this State's long standing rule that a transfer of a mortgage without a concomitant transfer of the debt is void.

(emphasis added). The *Flynn* court determined the argument to the contrary was "unavailing." *Id.* at 857.

Similarly, federal courts across the United States have also found that MERS has the authority to execute assignments as a nominee for a lender. In *Kiah v. Aurora Loan Services, LLC*, 2010 U.S. Dist. LEXIS 121252 (D. Mass. Nov. 16, 2010), the court found that MERS could assign the mortgage even if it "never had possession of or a beneficial interest in the note…because MERS was holding the mortgage in trust…." 2010 U.S. Dist. LEXIS 121252 at *17. The court also found that "even though MERS does not have a beneficial interest in the property, it nonetheless could have transferred the mortgage on behalf of the beneficial owner." 2010 U.S. Dist. LEXIS at *18.

Likewise in *Perry v. Nat'l Default Servicing Corp.*, 2010 U.S. Dist. LEXIS 92907 (Dist. N.D. Cal. Aug. 20, 2010), the court upheld an assignment from MERS to Kondaur Capital Corporation because the deed of trust stated that MERS was nominee for the lender, and also contained the MERS Mortgage language wherein the borrower agreed that MERS held legal title and had the right to foreclose. The court found that the debtor had initialed that page of the deed of trust and found that "the plain language of the Deed, MERS was the beneficiary and could exercise 'all of [Borrower's] interests,' including foreclosure rights." 2010 U.S. Dist. LEXIS 92907 at 11. The court went on to state that "courts interpreting trust deeds appointing MERS as beneficiary and nominee, as this one does, have held that 'MERS had the right to assign its beneficial interest to a third party.'" *Id.*; *see also Croce v. Trinity Mortgage Assur. Corp.* 2009

11

U.S. Dist. LEXIS 89808 (D. Nev. Sept. 28, 2009) (finding that MERS had standing as a beneficiary under the Note and Deed of Trust to participate in the foreclosure proceedings).

MERS' right to execute assignments of mortgages is also verified by statute. Whether MERS is identified as the "mortgagee" or the "nominee" for the lender in a mortgage instrument, MERS' actions fit squarely within the scope of persons authorized by Real Property Actions and Proceedings Law ("RPAPL") §1921(9)(a) to serve as a mortgagee and execute and deliver discharges of mortgages:

> "Mortgagee" means (i) the current holder of the mortgage of record or the current holder of the mortgage, or (ii) any person to whom payments are required to be made or (iii) their personal representatives, agents, successors, or assigns.

(Emphasis added).

Similarly, RPAPL §1921-a requires the mortgagee, as defined above, to execute and deliver partial releases of lien. In other statutory mandates, the RPL obligates the mortgagee to perform various transactions. For example, RPL §274-a requires the mortgagee to execute and deliver a loan payoff statement and other mortgage-related documents, such as abstracts of title and title insurance policies in the mortgagee's possession. RPL §275 requires the mortgagee to execute and deliver a discharge of mortgage upon tender of payment, and also authorizes the mortgagee to execute and deliver an assignment of mortgage if it is traded or sold in the secondary mortgage market. Because the MERS Mortgage names MERS the "mortgagee," and the mortgage discloses that MERS is the "nominee" or "agent" for the lender, its successors and assigns, MERS is fully authorized to perform the duties of the mortgagee in accordance with these statutory mandates, including the execution and delivery of the assignment of mortgage at issue in this proceeding.

This specific authority comports with broader principles of agency under New York law. It is a fundamental principle that the courts should not interfere with the contractual rights set forth in a mortgage agreement. In *W. L. Dev. Corp. v. Trifort Realty, Inc.,* 44 N.Y.2d 489, 499 (N.Y. 1978), the Court of Appeals held:

> To treat this mortgage as a mechanic's lien, as the Appellate Division did, would constitute an impairment of the obligations of the contract that the parties chose to make. <u>Absent clear statutory authorization to do so, the court should not interfere with such rights.</u>

(Emphasis added).

An agreement entered into by an agent pursuant to authority granted by the agency agreement or by instruction of the parties is valid and enforceable. *99 Commercial Street Inc. v. Goldberg*, 811 F.Supp. 900, 906 (S.D.N.Y. 1993). An agency agreement may take any form "desired by the parties concerned." New York General Obligations Law §5-1501(1). Indeed, the public policy of New York requires that there be liberal use and judicial recognition of the efficacy of principal and agency relationships. *See Arens v. Shainswitt*, 37 A.D.2d 274 (1st Dep't 1971), *aff'd* 29 N.Y.2d 663 (1971); *Cymbol v. Cymbol*, 122 A.D.2d 771 (2d Dep't 1986).

MERS' relationship with its member lenders is that of agent with the lender-principal. This is a fiduciary relationship, which results from the manifestation of consent by one person to another allowing the other to act on his behalf, subject to his control and consent. The principal is the one for whom action is to be taken, and the agent is the one who acts. *See* Restatement [Second] of Agency § 1(b)(c); *see also Maurillo v. Park Slope U-Haul*, 194 A.D.2d 142, 146, (2d Dep't 1993); *Cabrera v. Jakabovitz*, 24 F.3d 372 (2d Cir. 1994), *cert. denied*, 513 U.S. 876 (1994). An agency relationship may be established by conduct, an oral agreement, or a written instrument. *See Heine v. Papp*, 97 A.D.2d 929 (3d Dep't 1983). An agent may be appointed to do the same acts and to achieve the same legal consequences as if the principal had himself

personally acted, except as to acts which by their nature, by public policy, or by contract require personal performance or acts which are illegal. *See Central Trust Co. v. Sheahen*, 66 A.D.2d 1015 (4th Dep't 1978).

In this case, the Mortgage appoints MERS as nominee, or agent, for the lender and lender's successors and assigns. It is undisputed that U.S. Bank Trustee is the holder of the Note and therefore a "successor and assign" of the original lender. In its capacity as nominee and mortgagee of record and as allowed by New York law, MERS assigned the Mortgage to U.S. Bank Trustee, in accordance with the principal's instruction to its nominee MERS, to assign the mortgage lien to U.S. Bank Trustee. Under New York law, therefore, the assignment on behalf of the principal was valid.

MERS' Assignment of Mortgage to U.S. Bank Trustee facilitated U.S. Bank Trustee's receipt of the Judgment of Foreclosure and Sale almost two years ago. That judgment binds the Court, and the Court lacks jurisdiction to set aside the results of the judgment two years later. However, even if the Court determines it has jurisdiction to decide whether the Assignment of Mortgage is valid, under New York law it undoubtedly is. Based on the foregoing, the assignment from MERS to U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2006-FF12, Mortgage Pass Through Certificates, Series 2006-FF12 was authorized and valid.

## POINT III

### EVEN WITHOUT THE ASSIGNMENT OF MORTGAGE, US BANK TRUSTEE CAN ENFORCE THE LIEN.

Under New York law, three elements must be proven for a mortgage to be deemed enforceable: (1) proof of an obligation secured by a mortgage; (2) a debtor's default on that obligation; and (3) notice of the default to the debtor. *United States v. Paugh*, 332 F. Supp. 2d

679, 680 (S.D.N.Y. 2004); *Aames Funding Corp. v. Houston*, 44 A.D.3d 692, 843 N.Y.S.2d 660 (2d Dep't 2007). A note is enforceable as a matter of law if the Court is presented with evidence of these three elements. *Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assoc.*, 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001). The only issue implicated by Debtor's challenge is proof of an obligation secured by a mortgage.

Assignment of a note is proper if the enforcing party can show (1) physical delivery; or (2) written assignment. *U.S. Bank, NA v. Collymore*, 890 NYS 2d 578, 580 (2d Dep't 2009). Under New York State law, assignments can be effected solely by the transfer of the physical note and mortgage. *In re Minbatiwalla*, 424 B.R. 104, 109 (Bankr. S.D.N.Y. Mar. 1, 2010)(Glenn, J.); *see also In re Conde-Dedonato*, 391 B.R. 247, 251 (Bankr. E.D.N.Y. 2008) (holding, "Thus, a mortgage and note can be transferred by delivery, and do not have to be evidenced by a written assignment."). Transfer of the note is all that need be proven because a mortgage passes with the debt as an inseparable incident. *Id.*; *Wells Fargo Bank, NA v. Perry*, 875 N.Y.S.2d 853, 856 (Sup. Ct. Suffolk Cty 2009) (holding, "[t]he plaintiff's reliance on such allonge endorsement to establish its ownership of the subject mortgage is supported by case authorities which have held that an endorsement of a mortgage note that constitutes a negotiable instrument effectively transfers any mortgage given as security for said note as an incident thereof.").

In this case, the assignment of the Note is not contested. In fact, the Judgment of Foreclosure and Sale constitutes a judicial determination that U.S. Bank Trustee can enforce the Note. Because the Mortgage follows the Note under New York law, the uncontested assignment of the Note is sufficient to allow U.S. Bank Trustee to enforce the Mortgage. MERS' Assignment of Mortgage merely further evidences this right.

## CONCLUSION

The Court should grant the Motion for Termination.  A New York state court entered a Judgment of Foreclosure and Sale, which binds this Court under both the *Rooker-Feldman* doctrine and *res judicata*.    Additionally, Debtor's admissions regarding liability under the Mortgage and default under the Mortgage judicially estop Debtor's challenge here.  Should the Court turn to the issue of MERS' authority to assign the Mortgage, the great weight of authority under New York law establishes that the Assignment of Mortgage is valid under the terms of the Mortgage itself, under state statutes, and under general principles of agency.  Finally, and in any event, the Mortgage follows the Note, and the assignment of the Note entitles U.S. Bank Trustee to enforce the lien.  All of these legal avenues lead to the same terminus: the automatic stay should end so that U.S. Bank Trustee can carry out the foreclosure awarded by final judgment in state court.

Dated: December 8, 2010

Respectfully submitted,

Amy E. Polowy
STEVEN J. BAUM, P.C.
Attorneys for Secured Creditor Select Portfolio
Servicing, Inc. as Servicer for U.S. Bank National
Association, as Trustee for First Franklin Mortgage
Loan Trust 2006-FF12 Mortgage Pass Through
Certificates, Series 2006-FF12
Office and Post Address:
220 Northpointe Parkway, Suite G
Amherst, NY 14228
Telephone 716-204-2400

Of Counsel:

Thomas A. Connop
Texas State Bar No. 04702500
Bradley C. Knapp
Texas State Bar No. 24060101
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

TO:

FERREL L. AGARD                                    Debtor
866 Leonard Drive
Westbury, NY 11590

GEORGE BASSIAS, ESQ.          Attorney for Debtor
21-83 Steinway
Astoria, NY 11105

ROBERT L. PRYOR, ESQ.        Chapter 7 Trustee
Pryor & Mandelup, LLP
675 Old Country Road
Westbury, NY 11590

UNITED STATES TRUSTEE          U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza – Room 560
Central Islip, NY 11722-4437