UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

**FERREL L. AGARD**,

*Debtor*.

Chapter 7

Case No. 10-77338-REG

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S
MOTION TO INTERVENE IN CONTESTED
MATTER**

Mortgage Electronic Registration Systems, Inc. ("*MERS*") by and through its counsel, Hiscock & Barclay, LLP, moves this Court for an Order pursuant to Bankruptcy Rule 7024 and Federal Rule of Civil Procedure 24, authorizing MERS to intervene in the contested matter filed by Select Portfolio Servicing, Inc., as servicer for U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2006-FF12 Mortgage Pass-Through Certificates, Series 2006-FF12 ("*Select*") for relief from the automatic stay and to file responsive briefing in said contested matter. In support of this motion, MERS states as follows:

**Facts**

1. On September 20, 2010, Ferrel L. Agard, ("*Debtor*") filed a voluntary petition for Chapter 7 Bankruptcy and commenced the subject proceeding.

2. Debtor scheduled as an asset of the estate certain real property commonly known as 866 Leonard Drive, Westbury, New York (the "*Real Property*").

3. Robert L. Pryor is the duly appointed Chapter 7 Trustee ("*Trustee*").

4. On October 14, 2010, Select filed a Motion for Relief from the Automatic Stay with respect to the Real Property (Docket No. 10) ("*Relief Motion*").

5. On October 15, 2010, Robert L. Pryor, as Trustee, filed his Report of No Distribution.

6. On October 27, 2010, Debtor's counsel, George Bassias, filed an Affirmation in Partial Opposition to Select's Relief Motion (the "*Opposition*").

7. On November 11, 2010, Select's counsel, Marin L. Buczkowski, filed a response to Debtor's Opposition ("*Select's Response*").

8. The Debtor's Opposition challenges, among other things, the validity of the assignment of mortgage executed by MERS and alleges, among other things, that MERS lacked standing to execute and deliver the assignment of mortgage secured by the Real Property to U.S. Bank and its successors and assigns was without lawful standing (the "*MERS Issue*").

9. The Relief Motion and Debtor's Opposition constitute a contested matter pursuant to Bankruptcy Rule 9014.

10. On November 15, 2010, the Court held a hearing on the Relief Motion and Debtor's Opposition. The Court set a briefing schedule with briefs due and a hearing on January 13, 2011 with respect to the MERS Issue and the Debtor's Opposition.

11. Upon information and belief, the Court has now decided to hear and determine the MERS Issue and/or Debtor's Opposition on December 13, 2010. Thus, MERS brings this Motion on an emergency basis.

12. The Court's determination of the MERS Issue directly affects the business model of MERS. Additionally, approximately 50% of all consumer mortgages in the United States are held in the name of MERS, as the mortgagee of record.

13. The Court's determination of the MERS Issue will have significant impact on MERS as well as the mortgage industry in New York and the United States.

14. MERS has a direct financial stake in the outcome of this contested matter, and any determination of the MERS Issue has a direct impact on MERS.

15. By this Motion, MERS seeks to intervene in this contested matter.

16.     MERS *does not* seek any additional time to file responsive briefs and requests authority to file briefing within the deadlines already established by the Court.

17.     Counsel for MERS contacted the Trustee regarding MERS' intervention to obtain his consent. The Trustee has not returned MERS' call. However, and in light of the Trustee's filing of a Report of No Distribution, upon information and belief, the Trustee should not have an objection to the instant Motion.

18.     Federal Rule of Civil Procedure 24, applicable in contested matters pursuant to Bankruptcy Rules 7024 and 9014, provides in part as follows:

> **(a)    Intervention of Right**. On timely motion, the court must permit anyone to intervene who:
>
> (1)    is given an unconditional right to intervene by a federal statute; or
>
> (2)    claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b)    Permissive Intervention**.
>
> (1)    *In General*. On timely motion, the court may permit anyone to intervene who:
>
> (A)    is given a conditional right to intervene by a federal statute; or
>
> (B)    has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Bankr. P. 7024; Fed. R. Civ. P. 24(a)-(b) ("Rule 24").

19.     The elements for intervention as a matter of right under Rule 24 are well settled. They are: "(1) timeliness, (2) the existence of an interest relating to the property or transaction which is the subject of the action, (3) the possible impairment of that interest, and (4) inadequacy of representation by existing parties." *Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d

377, 389 (2d Cir. 2006); *United States v. Pitney Bowes, Inc*., 25 F.3d 66, 70 (2d Cir. 1994); *New York Public Interest Research Group, Inc. v. Regents of the University of the State of New York*, 516 F.2d 350, 352 (2d Cir. 1975) (recognizing economic interest as protectable for purpose of intervention of right). The requirements are broadly interpreted in favor of intervention. *See United States Postal Service v. Brennan*, 579 F.2d 188, 193 (2d Cir. N.Y. 1978) ("The policy of liberalizing the right to intervene in federal actions is reflected in the change of language of Rule 24(a) in 1966."); *United States v. Alisal Water Corp.,* 370 F.3d 915, 919 (9th Cir. 2004); *Nikon Corp. v. ASM Lithography B.V.,* 222 F.R.D. 647, 649 (N.D. Cal. 2004) ("Federal Rule of Civil Procedure Rule 24 has long been liberally construed in favor of applicants for intervention").

20.    MERS respectfully submits that it meets the requirements of intervention as of right. First, MERS' request is timely in that no decision has been rendered, and MERS is in a position to respond to the Court's current deadlines for briefing on the MERS Issue. Second, MERS has an interest in the transaction subject to this contested matter; indeed, it is MERS' very business model and role in this case which is at issue. MERS' financial stake in the outcome is unmistakable. Third, MERS' interest could be impaired in this matter because any decision of this Court could impact MERS' business, not just in this case, but nationwide. Lastly, the existing parties do not adequately represent MERS on the MERS Issue because Select's interest is solely in obtaining relief from stay on one house, on one mortgage, and the Trustee has already indicated that there are no assets available for distribution. The resources devoted to the typical lift stay matter of this magnitude by a lender or servicer is not in proportion to the substantial risk to MERS and its business model posed by the outcome of the MERS Issue in the Court. The MERS Issue goes to the heart of MERS' organization, and its stake in the matter far exceeds the amount in controversy in this matter. Simply put, the stakes to MERS are in an order of magnitude greater than the stakes to Select. As such, it is not reasonable for MERS to rely solely

on Select to defend its interests in this matter. MERS should be permitted to intervene "as of right."

21. In contrast to intervention as a matter of right, "[p]ermissive intervention pursuant to Fed.R.Civ.P. 24(b)(2) requires that the applicants make timely application and that the applicants' claim or defense and the main action have a question of law or fact in common." *Minnesota Public Interest Research Group (MPIRG) v. Selective Service System,* 557 F.Supp. 923, 924 (D.Minn. 1983). In determining whether permissive intervention should be allowed, courts exercise their discretion based on the totality of the circumstances. *United States v. Associated Milk Producers, Inc.,* 394 F.Supp. 29, 43 (W.D. Mo. 1975).

22. In this case, MERS' present motion has been timely made and MERS' involvement in the underlying facts is critical to understanding the parties' respective rights in the Real Property. The MERS Issue is a common question of law as to both MERS and Select. Given MERS' stake in the outcome, it should be permitted an opportunity to defend itself and its business model before this Court. As such each of the elements of permissive intervention under Rule 24 is met here, and MERS should be entitled to intervene in this contested matter.

23. Moreover, as set forth above, the Trustee would likely consent to the relief provided herein.

WHEREFORE, for the foregoing reasons, MERS respectfully requests that this Court enter an Order (a) permitting MERS to intervene in the contested matter relating to the Stay Motion and Debtor's Opposition; (b) authorizing MERS to submit briefing under the existing deadlines established by the Court on the MERS Issue; (c) to the extent any further evidence is necessary, authorizing MERS to present evidence as the Court may require on the MERS Issue; and (d) for such further and other relief as the Court deems just and proper.

**DATED**:     December 9, 2010

                                      Respectfully submitted:

                                      **HISCOCK & BARCLAY, LLP**

                                      By: /s/ Susan R. Katzoff
                                             Susan R. Katzoff, Esq.

                                      One Park Place
                                      300 South State Street
                                      Syracuse, New York 13202-2078
                                      Telephone: (315) 425-2880
                                      Facsimile: (315) 425-8597
                                      E-mail:   skatzoff@hblaw.com

                                      *Attorneys for Mortgage Electronic*
                                      *Registration Systems, Inc.*