UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

**FERREL L. AGARD,**

*Debtor.*

Chapter 7

Case No. 10-77338-REG

## AFFIRMATION OF WILLIAM C. HULTMAN

Under the penalty of perjury, I, William C. Hultman, am a licensed attorney under the State of New York and hereby affirm the following:

1. I am over the age of 18 years and am legally competent and able to make this affirmation which is based upon my personal knowledge.

2. I am the Treasurer for Mortgage Electronic Registration Systems, Inc. ("MERS").

3. On June 9, 2006, Ferrel Agard ("Debtor") executed and delivered a Note to First Franklin, A Division of National City Bank of Indiana ("First Franklin") whereby Debtor promised to pay First Franklin the sum of $416,000 together with interest at the rate of 7.25% per annum pursuant to the terms of the Note.

4. On June 9, 2006, to secure to First Franklin and its successors and assigns the repayment of the indebtedness evidenced by the Note, the Debtor executed a Mortgage whereby the Debtor granted a Mortgage on the property described on Exhibit A to MERS, as the nominee for First Franklin and its successors and assigns. (attached as Exhibit A is the Mortgage).

5. The Mortgage was duly recorded in Book 30777 at Page 241 of the land records of Nassau County, New York.

6. The essence of MERS' business is to hold legal title to beneficial interests under mortgages and deeds of trust in the land records. The MERS® System is designed to allow its members, which include originators, lenders, servicers, and investors, to accurately and efficiently track transfers of servicing rights and beneficial ownership.

7. As of the date of the Note and Mortgage, First Franklin was a MERS member, and pursuant to the MERS' Rules of Membership, Rule 2, Section 5, (Attached as Exhibit B), First Franklin appointed MERS to act as its agent to hold the Mortgage as nominee on First Franklin's behalf, and on behalf of First Franklin's successors and assigns. First Franklin remained a MERS member during the entire time that it was the holder of the Note. (Attached as Exhibit C is First Franklin's Membership Agreement).

8. The subject Mortgage provides that "MERS is the mortgagee under this Security Instrument" as "nominee for Lender and Lender's successors and assigns." See Exhibit A.

9. The Mortgage further states that:

"MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender . . . ."

Exhibit A.

10. First Franklin subsequently assigned the Note to Aurora Bank FSB formerly known in MERS membership records as Lehman Brothers Bank ("Aurora"). As of the date the Note was assigned to Aurora, Aurora was a MERS member. Pursuant to the MERS' Rules of Membership, Aurora appointed MERS to act as its agent to hold the Mortgage as nominee of Aurora and its successors and assigns. Aurora remained a MERS member through its affiliation

with Aurora Loan Services LLC during the entire time that it was the holder of the Note. (Attached as Exhibit D is Aurora Bank FSB Membership Agreement).

11. Aurora subsequently assigned the Note to U.S. Bank as Trustee ("U.S. Bank"). As of the date the Note was assigned to U.S. Bank, U.S. Bank was a MERS member. Pursuant to the MERS' Rules of Membership, U.S. Bank appointed MERS to act as its agent to hold the Mortgage as nominee of U.S. Bank and its successors and assigns. U.S. Bank remained a MERS member during the entire time that it was the holder of the Note. (Attached as Exhibit E is U.S. Bank's Membership Agreement).

12. U.S. Bank, as entity in possession of and the holder of the note, under the MERS Membership Rules, chose to instruct MERS to assign the Mortgage to U.S. Bank prior to the institution of foreclosure proceedings by U.S. Bank.

13. On February 1, 2008, MERS executed an Assignment of Mortgage whereby MERS assigned all of its interest in the Mortgage to U.S. Bank (Attached as Exhibit F is the Assignment).

14. Select Portfolio Servicing, Inc. is a member of MERS formerly known in MERS membership records as Calmco Servicing LP. and is the servicer of the mortgage loan at issue in this case. (Attached as Exhibit G is Select Portfolio's Membership Agreement).

FURTHER AFFIANT SAYETH NOT, this 10TH day of December 10, 2010.

_____
WILLIAM C. HULTMAN