UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In Re:

FERREL L. AGARD,

          Debtor.

NOTICE OF MOTION TO PARTIALLY
SET ASIDE AND RECONSIDER ORDER
AND REQUEST FOR HEARING

Case No. 810-77338-reg
Chapter 7

---

      PLEASE TAKE NOTICE, that upon the annexed Motion, Mortgage Electronic Registration Systems, Inc. ("MERS"), by and through its attorneys, Hiscock & Barclay, LLP, will move this Court before the Honorable Robert E. Grossman at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, P.O. Box 9013, Central Islip, New York, on _____, 2011 at _____.m of said day or as soon thereafter as counsel can be heard, for an Order pursuant to Bankruptcy Rule 9024 and FRCP 60(b) partially setting aside and reconsidering the Order of this Court, filed and entered February 11, 2011, which incorporates by reference the Memorandum Decision dated and entered February 10, 2011, to the extent that it goes beyond the application of the *Rooker-Feldman* doctrine and *res judicata* in order to grant the requested relief from stay, and for such other and further relief as this Court may deem just and proper.

DATED:    February 25, 2011              **HISCOCK & BARCLAY, LLP**

                                                    By: /s/ J. Eric Charlton
                                                         J. Eric Charlton

                                                One Park Place
                                                300 South State Street
                                                Syracuse, New York 13202-2078
                                                Telephone: (315) 425-2716
                                                Facsimile: (315) 425-2701
                                                E-mail:  echarlton@hblaw.com

2321650.1

Charles C. Martorana, Esq.
Jessica M. Baker, Esq.
1100 M&T Center
Three Fountain Plaza
Buffalo, New York 14203
Telephone: (716) 566-1512
Facsimile: (716) 566-1301
E-mail:  cmartorana@hblaw.com
              jbaker@hblaw.com

*Attorneys for Mortgage Electronic Registration Systems, Inc.*

2321650.1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In Re:

FERREL L. AGARD,

                Debtor.

MOTION TO PARTIALLY SET ASIDE
AND RECONSIDER ORDER
AND REQUEST FOR HEARING

Case No. 810-77338-reg
Chapter 7

---

      Mortgage Electronic Registration Systems, Inc. ("MERS"), by and through its attorneys, Hiscock & Barclay, LLP, moves this Court for an Order pursuant to Bankruptcy Rule 9024 and FRCP 60(b) partially setting aside and reconsidering the Order of this Court, filed and entered February 11, 2011, which incorporates by reference the Memorandum Decision dated and entered February 10, 2011 ("Decision"), to the extent that it goes beyond the application of the *Rooker-Feldman* doctrine and *res judicata* in order to grant a modification to the Automatic Stay in this proceeding, on the following grounds:

      1.     Pursuant to FRCP 60(b)(1), and as explained more fully in the accompanying memorandum of law, the Decision is affected by errors of law and fact. The Decision misinterpreted and misapplied the law and facts with respect to MERS and the MERS® System. The Court erroneously found that U.S. Bank did not have physical possession of the Note to establish its status as the holder of the Note. *See* Decision, p. 22. The Court erroneously found that "the Mortgage, by naming MERS a "nominee," and/or "mortgagee of record" did not bestow authority upon MERS to assign the Mortgage." *See* Decision, p. 31. The Court erroneously found that "the record of this case is insufficient to prove that an agency relationship exists under the laws of the state of New York between MERS and its members." *See* Decision, p. 34. The

2321650.1

Court erroneously found that "none of the documents expressly creates an agency relationship." *See* Decision, p. 34. The Court erroneously found that MERS' Membership rules "do not bestow upon MERS any authority to act." *See* Decision, p. 35. The Court erroneously declined to "find that MERS is a "mortgagee" with full authority to perform the duties of mortgagee in its own right." *See* Decision, p. 35. The Court erroneously found that "MERS did not have authority as "nominee" or agent, to assign the Mortgage absent a showing that it was given specific written directions by its principal." *See* Decision, p. 36. Finally, the Court erroneously found that MERS cannot act as a "common agent" for its Members, as it is "not supported by the law." *See* Decision, p. 36.

2. In addition, the Court erroneously stated that "there have been no prior dispositive state court decisions" regarding whether an entity that acquires its interests in a mortgage by way of assignment from MERS, as nominee, is a valid secured creditor with standing to prosecute a legal action. *See* Decision, p. 3. However, binding New York precedent exists regarding the rights of MERS and its members, which the Court ignored. *See* Memorandum of Law.

3. Moreover, the Decision with respect to MERS was unnecessarily and improperly reached by the Court. The Court should have exercised judicial restraint to rest its decision on the "best and narrowest ground available," and its failure to do so was an error of law pursuant to FRCP 60(b)(1). Here, the Court reached its decision to grant Select Portfolio Servicing, Inc.'s ("Select's") motion for an Order modifying the Automatic Stay ("Select's Motion") in this proceeding based on the *Rooker-Feldman* doctrine, or alternatively the principles of *res judicata*. The *Rooker-Feldman* doctrine and/or *res judicata* provided the "best and narrowest ground available" for the Court to resolve Select's Motion. It was therefore wholly unnecessary for the Court to reach any issue beyond that.

4. Pursuant to FRCP 60(b)(4), the Court lacked subject matter jurisdiction to address issues beyond Select's Motion. The Court's Decision and findings regarding MERS and the MERS® System is void because the Court lacked jurisdiction to decide those issues. The Court itself decided, based upon *Rooker Feldman* and/or res judicata, that it lacked subject matter jurisdiction to review the judgment of foreclosure and sale entered in Select's favor by the State Court. Having made that determination, the Court was without jurisdiction to render any further decisions regarding the underlying substantive issues concerning this matter, including unnecessary findings which seek to undermine a valid foreclosure judgment from a State Court.

5. Pursuant to FRCP 60(b)(6), reconsideration of the Decision is proper because extreme hardship would result to MERS and its Members as a result of the Court's Decision, which renders certain findings, as explained in the accompanying Memorandum of Law in Support of Motion for Reconsideration, dated February 25, 2011, regarding MERS and the MERS® System. Any determination regarding MERS' rights under state law and with regard to its agreements with its Members were outside the jurisdiction of the Court and could have extraordinary implications with respect to MERS' business model and the nation's real estate lending industry. Having already decided Select's Motion before it on independent jurisdictional grounds, this Court's findings with respect to the entire MERS® system is extraordinary and unjustifiably detrimental to MERS. Furthermore, the Court did not afford MERS a realistic avenue to appeal the Court's decision as to MERS because it granted the relief requested by the moving party.

6. MERS respectfully requests that a hearing be held to address the issues raised in the instant Motion.

2321650.1

WHEREFORE, it is respectfully submitted that an Order be entered pursuant to Bankruptcy Rule 9024 and FRCP 60(b) partially setting aside and reconsidering the Order of this Court, filed and entered February 11, 2011, which incorporates by reference the Memorandum Decision dated and entered February 10, 2011, to the extent that it goes beyond the application of the *Rooker-Feldman* doctrine and *res judicata* in order to grant the requested relief from stay, conducting a hearing as set forth in the Bankruptcy Code, and for such other and further relief as this Court may deem just and proper.

DATED:    February 25, 2011        **HISCOCK & BARCLAY, LLP**

By: /s/ J. Eric Charlton
    J. Eric Charlton

One Park Place
300 South State Street
Syracuse, New York 13202-2078
Telephone: (315) 425-2716
Facsimile: (315) 425-2701
E-mail: echarlton@hblaw.com

Charles C. Martorana, Esq.
Jessica M. Baker, Esq.
1100 M&T Center
Three Fountain Plaza
Buffalo, New York 14203
Telephone: (716) 566-1512
Facsimile: (716) 566-1301
E-mail: cmartorana@hblaw.com

*Attorneys for Mortgage Electronic Registration Systems, Inc.*

2321650.1