**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------X   Case No. 10-77338
IN RE:

      Ferrel L. Agard,

             Debtor.
                  Chapter 7
---------------------------------------------------X

### Jurisdictional objection to Motion to Reconsider

      Karamvir S. Dahiya of Dahiya Law Offices LLC, of-counsel to George Bassias, attorney for the debtor, submit the following objecting to the "Motion to Partially Set Aside and Reconsider Order" as filed by Hiscock & Barclay on behalf MERS:

1. Ferrel L. Agard ("Debtor") sought bankruptcy protection on September 20, 2010.

2. Discharge was granted on 12/14/2010.

3. On 10/14/2010, Select Portfolio Servicing, Inc. as servicer for U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2006-FF12, Mortgage Pass-Through Certificates, Series 2006-FF12 filed a motion to lift stay on residential property bearing address 866 Leonard Drive Westbury, NY 11590.

4. On 12/09/2010, Mortgage Electronic Registration System, Inc. ("MERS") sought an intervenor status on an emergency level which was granted on 01/11/2011.

5. On 02/10/2011, this court entered the impugned decision ("Decision") granting relief from automatic stay.

6. On 02/22/2011, the debtor filed a Notice of Appeal in this matter against the decision dated February 10, 2011 rendered by this court.

7. On 02/25/2011, MERS filed the instant motion for reconsideration and modifying the decision of the court.

8. We object to this reconsideration.

9. Respectfully, this court has no jurisdiction to entertain the said motion.

10. February 22, 2011 Notice of Appeal resulted in divestiture of jurisdiction from this court. <u>Griggs v. Provident Consumer Disc. Co.</u>, 459 U.S. 56, 58 (1982). *See also* <u>In re Transtexas Gas Corp.</u>, 303 F.3d 571, 578-79 (5th Cir. 2002) (stating that *Griggs* rule "applies with equal force to bankruptcy cases.").

11. More specifically, Supreme Court in <u>Griggs</u> case clearing stated that "[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the [appellate court] and divests the [trial court] of its control over those aspects of the case involved in the appeal." Id.

12. The Notice of Appeal along with the Appellant designation as filed subsumes all factors and issues raised by MERS in their motion to reconsider, hence there is no exception to jurisdictional bar. <u>In re Strawberry Square Assocs.</u>, 152 B.R. 699 (Bankr. E.D.N.Y. 1993).

13. This motion is not to enforce or implement instead it requests alterations and setting aside the impugned decision, which is clearly prohibited. <u>In re Prudential Lines Inc</u>., 170 B.R. 222, 243-44 (S.D.N.Y).

14. Further, it is unclear if the intervenor status as sought or granted to MERS in this case was permissive or was based on statutory claim or as a right—it is unclear from the record. Right to move to reconsider is substantially impacted if it was an permissive intervention. However based on the foregoing, it is clear that since there is a Notice of Appeal that has been filed in this case, this court has no jurisdiction to entertain this motion to reconsider.

Wherefore, this motion to reconsider be dismissed forthwith.

Dated: New York, NY
March 2, 2011                                          *s/karamvir s. Dahiya*
                                    Sincerely:_____
                                                Karamvir S. Dahiya, Esq. for the
Debtor

2