UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:  **Case No. 810-77338-reg**
 **Chapter 7**
FERREL L. AGARD,

      Debtor.

# REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PARTIALLY SET ASIDE AND RECONSIDER ORDER

Mortgage Electronic Registration Systems, Inc. ("MERS"), by and through its attorneys, Hiscock & Barclay, LLP, having moved this Court for an Order pursuant to Bankruptcy Rule 9023/9024[1] and FRCP 60(b) partially setting aside and reconsidering the Order of this Court, filed and entered February 11, 2011 (the "Order"), which incorporates by reference the Memorandum Decision dated and entered February 10, 2011 ("Decision"), to the extent that it exceeds the application of the *Rooker-Feldman* doctrine and *res judicata* which granted the Order to terminate the automatic stay in this proceeding, and seeks a modification thereof ("Motion to Reconsider"), submits this memorandum of law in reply to the debtor's Jurisdictional Objection to Motion to Reconsider, dated March 2, 2011, and in further support of MERS' Motion.

---

[1] The Court's Local Rules at 9023-1(b) provide that motions for reconsideration of an order may be made pursuant to Bankruptcy Court Rule 9023, however, that rule refers to judgments. Whereas the Court in this case has issued an order with a memorandum decision which appears to come within the ambit of Bankruptcy Court Rule 9024 and by reference FRCP 60, which is incorporated into Bankruptcy Court Rule 9024.

5210746.1

# ARGUMENT

**POINT I**     **The Filing of a Notice of Appeal Does Not Divest This Court of Jurisdiction to Decide the Motion to Reconsider; Rather, the Appeal is Tolled by Bankruptcy Rule 8002(b) Until This Court Decides MERS' Motion to Reconsider.**

Debtor, Ferrel L. Agard's, only objection to MERS' Motion to Reconsider is a jurisdictional one—debtor argues that because Debtor filed a Notice of Appeal of the Order, this Court has been divested of jurisdiction to decide the Motion to Reconsider. This argument is clearly contradicted by the plain terms of Bankruptcy Rule 8002(b), and the case-law construing it. This Court retains jurisdiction to decide the instant Motion to Reconsider based upon Bankruptcy Rule 8002(b) which, as explained more fully herein, provides that the filing of a motion to reconsider nullifies and renders ineffectual an earlier filed notice of appeal, and thus tolls the time for appeal while the Bankruptcy Court considers a motion before it pursuant to Bankruptcy Rule 9023 or 9024.

**Bankruptcy Rule 8002. Time for Filing Notice of Appeal**

**(b) Effect of motion on time for appeal.**

If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:

(1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;

(2) to alter or amend the judgment under Rule 9023;

(3) for a new trial under Rule 9023; or

(4) for relief under Rule 9024 if the motion is filed no later than 14 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment

of the judgment, order, or decree shall file a notice, or an amended notice, of appeal within the time prescribed by this Rule 8002 measured from the entry of the order disposing of the last such motion outstanding. No additional fees will be required for filing an amended notice.

The Notes of the Advisory Committee on the 1994 amendments to Bankruptcy Rule 8002(b) provide, in part:

This rule as amended provides that a notice of appeal filed before the disposition of a specified postjudgment motion will become effective upon disposition of the motion. A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the district court or bankruptcy appellate panel.

Thus, where motions pursuant to (i.e. Rule 9024) are brought after a notice of appeal has been filed, Rule 8002(b) operates to suspend the appeal while the Rule 9024 motion is being considered by the Bankruptcy Court.

MERS Motion for Reconsideration was brought pursuant to Rule 9024.[2]

### Bankruptcy Rule 9024 Relief from Judgment or Order

Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.

### F.R.Civ.P. 60.  Relief from a Judgment or Order

### (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

  (1) mistake, inadvertence, surprise, or excusable neglect;

---

[2] *See* fn. 1.

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

MERS Motion to Reconsider was timely filed on February 25, 2011 in accordance with Bankruptcy Rule 9024 and clearly seeks relief pursuant to that rule (FRCP 60(b)(1), (4) and (6)), for an Order partially setting aside and reconsidering the Order of this Court, filed and entered February 11, 2011, which incorporates by reference the Memorandum Decision dated and entered February 10, 2011, to the extent that it exceeds the application of the *Rooker-Feldman* doctrine and *res judicata* in order to grant the requested relief from stay. MERS' Motion to Reconsider thus triggers the tolling provisions of Bankruptcy Rule 8002(b).

Courts have unequivocally rejected the argument that Debtor has made here, that the filing of a notice of appeal before a motion to reconsider divests the court of jurisdiction to decide the motion. "The United States Supreme Court has held that motions to reconsider, to vacate, to set aside, or to reargue adverse judgments captioned under Federal Rules of Civil Procedure 55, 59, or 60 result in nullifying a previously filed notice of appeal until such post-judgment motions are decided. *In re Wills Motors, Inc*., 133 B.R. 303, 306 (Bankr. S.D.N.Y. 1991) ("debtor argues that SAAB's notice of appeal, which was filed with this court, divested the court of authority to entertain its motion under Rules 55(c) and 60(b)(6). The court does not find this argument persuasive.") quoting *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, (1982). "This holding has been codified in Bankruptcy Rule 8002(b) which declares that a notice of appeal filed before the disposition of a motion seeking amendment or vacation of an order or a

new trial is tolled and of no effect until the entry of the order denying the motion, at which time a new notice of appeal must be filed." 133 B.R. at 306. In that case, the court held that "SAAB's previously filed notice of appeal does not divest this court of authority to determine SAAB's post-judgment motion." *Id*.

Another Southern District Bankruptcy Court recently stated the same rule in *In re Actrade Fin. Techs. Ltd.*, 2009 Bankr. LEXIS 890 (Bankr. S.D.N.Y. Apr. 13, 2009). "The Plan Trustee also moved for summary dismissal of the motion on the ground that Aharoni's filing of a notice of appeal concurrently with his motion for reconsideration divested this Court of jurisdiction to decide the motion. It is established, however, that the filing of a motion for reconsideration within the ten-day [now fourteen day] appeal period suspends the period for taking an appeal, and that the appeal can only be taken after decision on the motion for reconsideration." *Id*. citing Bankruptcy Rule 8002(b); *In re Transtexas Gas Corp.*, 303 F.3d 571, 579 (5th Cir. 2002); 10 Collier on Bankruptcy P 8002.08 (15th ed. rev. 2007). "Accordingly, the appeal that Aharoni has purported to take from the Order is premature, and the Court has jurisdiction to decide the motion." 2009 Bankr. LEXIS 890. The Bankruptcy Appellate Panel for the 10th Circuit also recently held, citing Fed. R. Bankr. P. 8002(b), that the notice of appeal is ineffective until disposition of the post-judgment motion. *Bank of the Prairie v. Picht (In re Picht)*, 428 B.R. 885, 888 (B.A.P. 10th Cir. 2010)

Other circuit courts of appeal have also reached the same conclusion. *See, e.g., Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988) (notice of appeal filed before timely motion to alter or amend the judgment was ineffective until the trial court disposed of the tolling motion); *Phuong Thi Nguyen v. Chang (In re Phuong Thi Nguyen)*, 2010 Bankr. LEXIS 5103 (B.A.P. 9th Cir. Apr. 12, 2010) ("The notice of appeal filed on August 4 was premature and became effective

on September 30, 2009, when the bankruptcy court entered the order denying the August 4 motion."); *United Rentals, Inc. v. Davis (In re Regcon, Inc.)*, 2005 Bankr. LEXIS 3370 (B.A.P. 9th Cir. Apr. 13, 2005) ("Before filing the Reconsideration Motion United filed a notice of appeal. That attempted appeal did not create any jurisdictional problems for the bankruptcy court because under Rule 8002(b) the effect of a timely motion for reconsideration is that the earlier notice of appeal is simply "ineffective to appeal" from the judgment at issue "until the entry of the order disposing of" the motion for reconsideration"); *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1114 n.1 (9th Cir. 1999) (effect of timely motion for reconsideration under parallel provisions of Fed. R. Civ. P. is that the earlier appeal "simply self-destructs"); *Nelson v. Stillwater Nat'l Bank &amp; Trust Co. (In re Ireland)*, 2004 Bankr. LEXIS 1559 (B.A.P. 10th Cir. Oct. 18, 2004) ("SNB filed its Notice of Appeal from the Judgment on the same day that it filed a motion requesting that the bankruptcy court reconsider the Judgment. While this motion rendered the Notice of Appeal as to the Judgment "ineffective," the Notice of Appeal later became effective when the bankruptcy court entered an Order denying the motion.").

Debtor misstates the law on this issue in the "Jurisdictional Objection to Motion to Reconsider." At paragraph 10, Debtor represents that the United States Supreme Court has held that the filing of a notice of appeal results in a divestiture of jurisdiction from the Bankruptcy Court to decide a Motion to Reconsider. This statement misrepresents the holding in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). In *Griggs*, the Court did not deal with a Bankruptcy Rule 8002(b) or Federal Rule of Civil Procedure 60 motion; rather, it examined "pre-1979" procedural rules with respect to a district court's jurisdiction to decide a Rule 59 motion:

> Under pre-1979 procedures, a district court lacked jurisdiction to entertain a motion to vacate, alter, or amend a judgment after a notice of appeal was filed (citations omitted). However, if the timing was reversed -- if the notice of appeal was filed after the motion to vacate, alter, or amend the judgment -- two seemingly inconsistent conclusions were generally held to follow: the district court retained jurisdiction to decide the motion, but the notice of appeal was nonetheless considered adequate for purposes of beginning the appeals process.
>
> . . . In 1979, the Rules were amended to clarify both the litigants' timetable and the courts' respective jurisdictions. The new requirement that a district court "transmit forthwith" any valid notice of appeal to the court of appeals advanced the time when the court could begin processing an appeal. Fed. Rule App. Proc. 3(d). At the same time, in order to prevent unnecessary appellate review, the district court was given express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed. Fed. Rule App. Proc. 4(a)(4).  If these had been the only changes, the theoretical inconsistency noted above would have suddenly taken on practical significance. A broad class of situations would have been created in which district courts and courts of appeals would both have had the power to modify the same judgment. The 1979 amendments avoided that potential conflict by depriving the courts of appeals of jurisdiction in such situations.

*Id* at 58-60.

Similarly, debtor misstates the holding of the Fifth Circuit in *In re Transtexas Gas Corp.*, 303 F.3d 571, 578-579 (5th Cir. 2002).  Debtor cites *In re Transtexas Gas Corp.* for the proposition that the filing of a notice of appeal results in the divestiture of jurisdiction of the Bankruptcy Court to decide a Motion to Reconsider.  However, the Court specifically held that Bankruptcy Rule 8002(b) motions, like MERS' motion to reconsider, is an exception to the rule:

> It is a fundamental tenet of federal civil procedure that - **subject to certain, defined exceptions** - the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court.
> . . .
> Unless Transtexas's February 16, 2000 motion falls within the class of post-judgment motions that (when timely filed) will divest an appellate court of jurisdiction and return jurisdiction to the trial court, the bankruptcy court had no jurisdiction to enter the second supplemental order and the district court erred in affirming this order on the merits.
> . . .
> **Bankruptcy Rule 8002 dictates that a number of post-judgment motions will render the underlying judgment non-final, both when filed before an appeal**

>**is taken - thus tolling the time for taking an appeal - and when filed after the notice of appeal - thus divesting the appellate court of jurisdiction and rendering the previously-filed notice of appeal "dormant" until the postjudgment motion is adjudicated**, *see Burt v. Ware*, 14 F.3d 256, 258 (5th Cir. 1994). If Transtexas's February 16, 2000 motion is properly construed as one of the motions referenced in Bankruptcy Rule 8002, then the bankruptcy court had jurisdiction to enter the second supplemental order on February 18, 2000, regardless of the state taxing authorities' February 8, 2000 notice of appeal.

*Id.* at 578-579 (emphasis added).

Contrary to Debtor's suggestion at paragraphs 12 and 13 of the Objections, there is no statutory or case-based law to support its argument that "where a notice of appeal subsumes all factors and issues" raised by MERS in its Motion to Reconsider, the Bankruptcy Court lacks jurisdiction to decide the Motion. The *In re Strawberry Square Assocs.* (152 B.R. 699 (Bankr. E.D.N.Y. 1993)) and *In re Prudential Lines* (170 B.R. 222 (S.D.N.Y. 1994)) cases that Debtor cites address other types of motions and not Bankruptcy Rule 8002(b) or Federal Rule of Civil Procedure 60 motions. Thus, they are entirely inapplicable to the instant matter. Debtor likewise cites no authority for the argument at paragraph 14 of the Objections that MERS' right to move to reconsider is impacted by whether it was granted intervenor status by permission or as of right. Nothing in the statutory language or case notes applicable to Rule 8002(b) motions suggest that a party's right to make a motion thereunder is impacted by *how* it intervened, therefore Debtor's argument is totally without merit.

Here, Bankruptcy Rule 8002(b) clearly tolls the notice of appeal filed by Debtor until such time that the Court issues an Order on MERS' Motion to Reconsider, and does not divest this Court of jurisdiction to decide such Motion.

## CONCLUSION

As stated in MERS' Motion, reconsideration of the Court's Order and Decision in this case is appropriate and necessary. Debtor's opposition should be rejected and denied. Moreover, the Decision violated the principle of judicial restraint by reaching issues that were unnecessary to reach and does not adhere to New York law. The Decision with respect to MERS and the MERS® System is void because the Court was without jurisdiction to reach these issues. Significantly, the Decision is affected by several errors of law and fact. Specifically, the Court substantially misinterpreted the facts and misapplied the law with respect to MERS and the MERS® System. Finally, the Decision will cause extreme and undue hardship to MERS and its Members if it is allowed to stand in its current form.

MERS therefore respectfully requests that an Order be entered pursuant to Bankruptcy Rule 9023/9024 and FRCP 60(b) partially setting aside and reconsidering the Order of this Court, filed and entered February 11, 2011, which incorporates by reference the Memorandum Decision dated and entered February 10, 2011, to the extent that it exceeds the application of the *Rooker-Feldman* doctrine and *res judicata* in order to grant the requested relief from stay, that the Court conduct a hearing to address the issues raised in the instant Motion, and such other and further relief as this Court may deem just and proper.

**DATED**:    March 11, 2011

                                **HISCOCK & BARCLAY, LLP**

                                By: /s/ Jessica M. Baker
                                    Jessica M. Baker

                                Charles C. Martorana, Esq.

                                                Jessica M. Baker, Esq.  
                                                1100 M&T Center  
                                                Three Fountain Plaza  
                                                Buffalo, New York 14203  
                                                Telephone: (716) 566-1512  
                                                Facsimile: (716) 566-1301  
                                                E-mail:   cmartorana@hblaw.com  
                                                               jbaker@hblaw.com  
                                    *Attorneys for Mortgage Electronic*  
                                    *Registration Systems, Inc.*